# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 17-2182 PA (KKx) | Date | October 25, 2017 |
|---|---|---|---|
| Title | Joseph Enrique Soto, et al. v. County of San Bernardino, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants County of San Bernardino, City of Hesperia, Jonathan Womelsdorf, and David Strunk (collectively "Defendants") on October 23, 2017. Defendants asserts that this Court has jurisdiction over the action brought against them by Joseph Enrique Soto and Bertha Ellan Soto (collectively "Plaintiffs") based on the Court's federal question jurisdiction. See 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673,128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The removing party must strictly comply with the removal statute and has the burden of establishing that removal is proper. Id. at 567.

To remove an action from state to federal court, a defendant must comply with the procedural requirements for removal. A defendant seeking removal must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served" on the defendant. 28 U.S.C. § 1446(a). Here, the Notice of Removal includes a copy of the state court Complaint and exhibits attached thereto. However, it is not clear that these exhaust "all process, pleadings, and orders served." Nor do Defendants allege that this is so.

The Court therefore concludes that Defendants' Notice of Removal is procedurally defective. Accordingly, this action is remanded to San Bernardino County Superior Court, Case No. CIVDS 1702815. See 28 U.S.C. § 1447(c). The Court stays this order until November 1, 2017. If Plaintiffs wish to remain in federal court and thereby waive the procedural defect discussed above, Plaintiffs shall notify the Court in writing on or before November 1, 2017.

IT IS SO ORDERED.