# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-2182 PA (KKx) | Date | February 6, 2018 |
|---|---|---|---|
| Title | Joseph Enrique Soto, et al. v. County of San Bernardino, et al. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None  None

**Proceedings:**   IN CHAMBERS – COURT ORDER

    Before the Court is a Stipulation to Dismiss the Third, Fifth, and Ninth Causes of Action. (Docket No. 18.)  Plaintiffs Joseph Enrique Soto and Bertha Ellan Soto ("Plaintiffs") have agreed to the dismissal, with prejudice, of their federal claims brought pursuant to 42 U.S.C. § 1983 and under City of Canton v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 412 (1989), and Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978). These claims were the sole basis for the Court's subject matter jurisdiction asserted in defendants' Notice of Removal.  The Court has supplemental jurisdiction over Plaintiffs' remaining state law claims under 28 U.S.C. § 1367(a).  Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies."  Exec. Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994).  The Court may decline supplemental jurisdiction under § 1367(c) if:  "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

    Here, Plaintiffs have dismissed the only claims over which the Court had original jurisdiction. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. See 28 U.S.C. § 1367(c)(3).  The Court further exercises its discretion to remand the action.  See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining.").  The Court remands this action to San Bernardino County Superior Court, Case No. CIVDS1702815.  See 28 U.S.C. § 1447(c).  The further Scheduling Conference set for February 12, 2018, is vacated.

    IT IS SO ORDERED.